IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RONALD P. LANE,

                                                         ORDER

                 Petitioner,

                                                   11-cv-458-bbc

    v.

WILLIAM POLLARD,

               Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Petitioner Ronald Lane was convicted in state court of burglary and theft in 2006. In this petition for a writ of habeas corpus under 28 U.S.C. § 2254, he raises two claims: (1) police seized him in violation of the Fourth Amendment and evidence obtained as a result of that seizure should have been suppressed; and (2) the trial court held a restitution hearing without giving him an adequate opportunity to be heard, in violation of the due process clause. Petitioner has paid the $5 filing fee.

       Under Rule 4 of the Rules Governing Section 2254 Cases, I must dismiss the petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Having reviewed the petition, I conclude that petitioner should have an opportunity to show that he did not have a full and fair opportunity to litigate his Fourth

1

Amendment claim in state court. However, I am dismissing his due process claim because federal habeas law does not extend to challenges to restitution.

Under Stone v. Powell, 428 U.S. 465 (1976), federal courts cannot consider Fourth Amendment claims on habeas corpus review in cases in which the state courts allowed the defendant a full and fair opportunity to litigate those claims. A defendant receives a full and fair opportunity to litigate if (1) he has clearly informed the state court of the factual basis for that claim and has argued that those facts constitute a violation of his Fourth Amendment rights and (2) the state court has carefully and thoroughly analyzed the facts and (3) applied the proper constitutional case law to the facts. Hampton v. Wyant, 296 F.3d 560, 563 (7th Cir. 2002) (citing Pierson v. O'Leary, 959 F.2d 1385, 1391 (7th Cir. 1992)). Under these criteria, "full and fair" means the right to present the Fourth Amendment claim. So long as the state court gives a claim adequate and unbiased consideration, it is irrelevant whether the court ultimately reaches the correct decision. Cabrera v. Hinsley, 324 F.3d 527, 531-32 (7th Cir. 2003).

Therefore, to establish that his hearing was not full and fair, a petitioner must show that it was a "sham" because it had been subverted in some obvious and disturbing way. Id. Federal court review of Fourth Amendment claims is limited to exploring for possible abuses of the hearing process. Id. Examples of such abuses would be "if the judge had his mind closed to the necessity of a hearing, or was bribed, or decided . . . that probable cause is not

2

required [to make an arrest], or was sleepwalking . . . or in some other obvious way subverted the hearing." Id. at 531; see also Brock v. United States, 573 F.3d 497, 501 (7th Cir. 2009).

Petitioner does not address the question whether he had a full and fair opportunity to litigate his Fourth Amendment claim in state court. Accordingly, I will give him a chance to supplement his petition to include that information. In this supplement, he should explain in detail what kind of request he made for a hearing, whether the request was denied or granted and if it was granted, what kind of hearing was held and what kind of errors were made that support petitioner's claim that the hearing did not give him a fair and full opportunity to litigate his claim.

Petitioner's challenge to the restitution hearing cannot be brought in a federal habeas petition. Washington v. Smith, 564 F.3d 1350, 1350-51 (7th Cir. 2009) ("[A] § 2254 petition attacking a criminal judgment entered by a state court . . . is unavailable to challenge a restitution order imposed as part of a criminal sentence."). This is because a petition under § 2254 is limited to claims that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because a challenge to petitioner's restitution cannot entitle him to immediate or speedier release, he does not have a claim under federal law.

3

ORDER

IT IS ORDERED that

1. Petitioner Ronald Lane's claim that his due process rights were violated because he was not present at his restitution hearing is DISMISSED because it is not cognizable under 28 U.S.C. § 2254.

2. Petitioner may have until August 12, 2011, to file a supplement to his petition showing whether he had a full and fair opportunity to litigate his Fourth Amendment claim in state court. If he does not respond by that date, I will dismiss the petition.

Entered this 22d day of July, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge